1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEVEN EDWARDS,                    Case No. 1:10-cv-01456 OWW JLT (PC)

12            Plaintiff,                ORDER GRANTING MOTIONS TO AMEND

13        vs.                          (Doc. 11, 13 & 18)

14   MAURICE JUNIOUS, et al.,          ORDER DENYING MOTION TO EXPEDITE
                                        THE SCREENING OF THE COMPLAINT
15            Defendants.
                                        (Doc. 14)
16
                                        FINDINGS AND RECOMMENDATIONS
17                                       RECOMMENDING THAT PLAINTIFF'S
                                        MOTIONS FOR A TEMPORARY
18                                       RESTRAINING ORDER BE DENIED

19                                       (Doc. 13 & 18)

20   _____/

21        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action

22   pursuant to 42 U.S.C. § 1983.  Plaintiff has several motions pending before the Court.  The Court

23   addresses each motion below.

24   **I.      MOTIONS TO AMEND**

25        Plaintiff has filed three motions to amend.  First, on September, 22, 2010, Plaintiff filed a

26   motion to add new defendants and claims.  (Doc. 11.)  Second, on October 18, 2010, Plaintiff filed

27   a motion to include in his original complaint a retaliation claim against Defendants for transferring

28   him to the California Institution for Men.  (Doc 13 at 1-2.)  Plaintiff also seeks to add new claims

regarding his conditions of confinement at the California Institution for Men, including the fact that he is housed in a cell with black mold and rodents, prison officials improperly processed his inmate grievance regarding his acquired immune deficiency syndrome ("AIDS"), prison officials failed to protect him, he has been unlawfully confined in a disciplinary cell unit, he receives inadequate recreation time, he is not afforded adequate legal materials or law library access, and his appeals to the warden regarding his classification status are ignored. (Id. at 2-4.) Third, on January 5, 2011, Plaintiff filed a motion to include claims regarding the inadequate medical treatment he is currently receiving at California State Prison, Los Angeles County. (Doc. 18 at 1-3.)

The Court has yet to authorize service of Plaintiff's original complaint, as it has yet to be screened. Thus, at this juncture, Plaintiff may amend his pleadings as a matter of right. See Fed. R. Civ. P. 15(a). However, if Plaintiff elects to amended his complaint, he is advised of the following. First, prisoners are required to exhaust all available administrative remedies *prior* to filing suit. See 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 211 (2007). Claims that are unexhausted are subject to dismissal without prejudice. See Wyatt v. Terhune, 315 F.3d 1108, 1117-20 (9th Cir. 2003). Thus, Plaintiff should not amend his complaint to include new claims unless he has already exhausted his administrative remedies with respect to those claims.

Second, "[u]nrelated claims against different defendants belong in different suits . . . ." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Thus, to the extent that Plaintiff's "new" claims are unrelated to the allegations in the original complaint, Plaintiff should not amend his pleadings to include those claims. Instead, Plaintiff should file a new civil rights action and assert his claims therein.[1] At first blush, it appears to the Court that most, if not all, of Plaintiff's "new" claims fall into this category.

Third, once Plaintiff files an amended complaint his original pleadings are superceded and no longer serve a function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in [the] original complaint which are not

---

[1]Likewise, as to events that occurred outside of the Eastern District of California, these claims must be brought in the corresponding judicial districts.

1    [re-]alleged in [the] amended complaint are waived."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.

2    1987) (citations omitted).

3    **II.     MOTION TO EXPEDITE SCREENING**

4            On November 1, 2010, Plaintiff filed a motion to expedite the screening of his complaint.

5    (Doc. 14.)  Plaintiff is advised in this regard that the Eastern District of California has, by far, the

6    highest weighted caseload per judge in the entire country.  The Court will screen and process his

7    complaint in due course.

8    **III.    MOTIONS FOR PRELIMINARY INJUNCTIONS**

9            Also pending before the Court are two requests for preliminary injunctions.  In his October

10   18, 2010 motion to amend, Plaintiff asks the Court to issue a temporary restraining order, to enjoin

11   the alleged problems at the California Institute for Men.  (Doc. 13 at 4-5.)  In his January 5, 2011

12   motion, Plaintiff requests the Court to issue a temporary restraining order to compel prison officials

13   at California State Prison, Los Angeles to provide Plaintiff with certain medications.  (Doc. 18 at 1-

14   3.)

15           A temporary restraining order may be granted without written or oral notice to the adverse

16   party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or

17   by the verified complaint that immediate and irreparable injury, loss or damage will result to the

18   applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the

19   applicant certifies in writing the efforts, if any, which have been made to give notice and the reasons

20   supporting the claim that notice should not be required. See Fed. R. Civ. P. 65(b).

21           The standards for a TRO are essentially the same as that for a preliminary injunction. To be

22   entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the

23   merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

24   balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc.

25   v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc.,

26   555 U.S. 7, 129 S.Ct. 365, 374, 172 L. Ed. 2d 249 (2008)). The Court is required to weigh the

27   elements required to be shown under a "sliding scale" approach. Alliance for Wild Rockies v.

28   Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).  For example, a stronger showing of irreparable

                                                    3

harm may offset a lesser showing of likelihood of success on the merits. Id.  However, in cases brought by prisoners involving conditions of confinement, any preliminary injunction, "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff fails to demonstrate any of the legal prerequisites for injunctive relief.  First, Plaintiff has not demonstrated, or even addressed, the likelihood of success on the merits of his underlying case.  Second, as to his first request (Doc. 13), Plaintiff is no longer housed at the California Institute for Men and, therefore, restraining conduct by officials at that location can provide Plaintiff no relief.[2]  Third, his claims set forth in his complaint do not relate to events that occurred at the facilities targeted in the motions but, instead, relate to events he alleges occurred while housed in North Kern State Prison.  (Doc. 1 at 3-9)  Thus, because the relief sought bears no relation to the merits of the underlying claims, there is no showing that the Defendants' actions pose the risk of Plaintiff suffering irreparable harm. Finally, Plaintiff fails to make any showing that the balance of equities tips in his favor or that an injunction is in the public interest. Given these defects, it is patent that Plaintiff has failed to demonstrate any entitlement to preliminary relief.

**IV.    CONCLUSION**

For the reasons set forth above, it is **HEREBY ORDERED** that:

1.    Plaintiff's September 22, 2010, October 18, 2010, and January 5, 2011 motions to amend (Docs. 11, 13 & 18) are **GRANTED**; if Plaintiff elects to file an amended complaint, he shall do so within thirty days of the date of service of this order; and

2.    Plaintiff's November 1, 2010 motion to expedite (Doc. 14) is **DENIED**.

Also, it is **HEREBY RECOMMENDED** that:

1.    Plaintiff's October 18, 2010 motion for a temporary restraining order (Doc. 13) be **DENIED**; and

2.    Plaintiff's January 5, 2011 motion for a temporary restraining order (Doc. 18) be

---

[2] Moreover, given that he is no longer housed at this facility, there is no corresponding risk of irreparable harm.

4

1       **DENIED**.

2       These findings and recommendations are submitted to the United States District Judge

3  assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  Within 21 days after

4  being served with these findings and recommendations, Plaintiff may file written objections with the

5  Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

6  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

7  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  IT IS SO ORDERED.

10  Dated:  __**February 25, 2011**__              __**/s/ Jennifer L. Thurston**__

                                                   UNITED STATES MAGISTRATE JUDGE