IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN EDWARDS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MAURICE JUNIOUS, et al.,<br><br>　　　　Defendants. | Case No. 1:10-cv-01456 AWI-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH LOCAL RULE OF COURT 183(b)**<br><br>(Doc. 30). |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On July 30, 2010, Plaintiff filed his complaint. (Doc. 1).

　　　　On September 22, 2010, Plaintiff moved the Court for leave to file an amended complaint. (Doc. 11). Before this was decided, Plaintiff filed two more motions to amend the complaint on October 18, 2010 and January 5, 2011. (Docs. 13, 18) The Court granted the motions to amend the complaint on February 25, 2011. (Doc. 19) The Court granted Plaintiff 30 days within which to file the amended complaint. (Id. at 4). Rather than filing the amended complaint, on April 1, 2011, Plaintiff sought an extension of time of 30 days to file his amended complaint. (Doc. 22). The Court granted this request on April 5, 2011. (Doc. 23). On May 11, 2011, Plaintiff sought

1

another extension of time to June 4, 2011, to file the complaint. (Doc. 24). Once again, the Court granted this request on May 13, 2011. (Doc. 25). Again, Plaintiff did not file his amended complaint but requested the Court send him copies of all orders issued since the May 13, 2011 order. (Doc. 26) Because there had been no intervening orders, the Court denied this motion. (Doc. 28). Plaintiff has never filed his amended complaint.

On March 8, 2012, this Court issued an Order to Show Cause Why the Matter Should Not Be Dismissed for Failure to Prosecute. (Doc. 30). The order was returned to the Court on March 20, 2012 as undeliverable due to deficiencies in Plaintiff's address.

## I.    Discussion and Analysis

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9 th Cir. 2995) (dismissal for failure to comply with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423-24; *see also* Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the

occurrence of unreasonable delay in prosecution of an action.  *See* Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure to file an amended complaint and to apprise the Court of his current address.

Pursuant to Local Rule 183(b), a party appearing in propria persona such as Plaintiff is required to keep the Court apprised of his current address at all times.  Specifically, Local Rule 183(b) provides:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Over a year has passed since Plaintiff was last ordered to file an amended complaint and over sixty-three days have passed since Plaintiff's mail was returned as undeliverable. Notably, the Court alerted Plaintiff of the consequences for failure to comply with the Local Rules and the Court's orders.  (Doc. 5 at 1) In particular the Court warned Plaintiff of the following:

> A pro se plaintiff has an affirmative duty to keep the court and opposing parties apprised of his or her address. Local Rule 182(f). If a plaintiff moves and fails to file a notice of change of address, service of court orders at plaintiff's prior address shall constitute effective notice. Id. If mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the court will not attempt to re-mail it. If the address is not updated within sixty days of the mail being returned, the action will be dismissed for failure to prosecute. Local Rule 183(b).  A Notice of Change of Address form is attached hereto.

(Doc. 5 at 5, emphasis in the original.)

Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order or its Local Rules.  Moreover, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

Accordingly, IT IS HEREBY RECOMMENDED:

1. This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to

keep the Court apprised of his current address; and

    2.    The Clerk of Court be directed to close this action because this order terminates the action in its entirety. These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 29, 2012**                              **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE